CHANCERY.                    *Irvin vs. Divine.*

Case 44.          Appeal from the Montgomery circuit; S. W. ROBBINS, Judge.

*Husband and wife. Survivorship. Executors and administrators. Descent. Hire and partition of slaves. Practice in chancery.*

April 30.        Judge MILLS delivered the opinion of the court.

Statement of the facts.

JOHN IRVIN died intestate, leaving personal estate and slaves. Administration of his estate was granted, and the personalty disposed of in payment of debts. About two years after his death, the present appellee married his daughter, and joined with the other heirs and widow in a bill to settle up the estate, with the administrators. The account was settled, including the hire of slaves, and a joint decree rendered in favour of the distributees. The wife of the appellee after this departed this life, and the appellee administered on her estate; and both as husband and administrator, he brought this bill for partition of the slaves, and account of their hire, against the administrators and remaining distributees. The defendants to the bill contend that the complainant is not entitled to any portion, but that by the death of his wife before possession, he has forfeited all, and that it goes to the remaining children and mother.

Decree of the circuit court.

The court decreed partition in his favor, and an account of hire, and that if the slaves were found indivisible, they should be sold and the proceeds divided; and the defendants below have appealed.

Interest of the wife in the slaves and personalty of her father, who died before her marriage, not reduced to possession during the coverture, passes on *her* death to her

We do not perceive any ground to doubt or question the right of the complainant, as administrator of his wife, to recover the share of his deceased wife. The interest of the wife was vested before the marriage. If she had survived, it would have remained to her, and could not have gone to the personal representatives of the husband, as the husband had never reduced it to possession during the coverture. But as he has survived, he can reduce it to possession by administering on the estate of the wife, and he cannot be compelled to distribute to others. On this point the law is too well and too long settled, to be now

questioned. It has been often recognized by this court, and to cite the authorities is deemed unnecessary.

IRVIN
vs.
DIVINE.

We are referred to the cases of Lyter vs. Rowton, 1 Marsh. 518, and Pinckard vs. Smith, Lit. Sel. C. 331, with suggestions that the latter has overturned the former, and affects the right of the husband. We perceive no conflict between these two cases, on any point, which touches the right of the complainant here. In the former case, it is correctly held that the surviving husband can, as administrator, reduce into possession slaves or chattels which belonged to his wife before marriage, and not reduced to possession during coverture, and that he could not be compelled to distribute. In the latter it is said, if the right accrued during coverture, and was not reduced to possession during its continuance, the husband could take it as survivor, even without administration. Thus far these cases are consistent with each other, and corroborative of the opinion now expressed.

administrator, or on *his* death survives to her.

Where such interest accrues to the wife during the coverture, the right to recover the possession survives to the husband.

It is said *arguendo*, in the case of Lyter vs. Rowton, that the share of an infant in slaves and chattels, on his death during infancy, with collateral heirs only in existence, passed to the brothers and sisters, to the exclusion of the mother. This was a gratuitous assumption, a mere dictum, not necessary to be said in that controversy, as the case went off on another point, and its correctness in law is questioned in the case of Pinckard vs. Smith, where the point was directly in contest. But in no other instance is there any discrepancy between the two cases.

Shares of a child dying within age, in the slaves and chattels of his deceased father's estate, how they pass.

But the court below, in decreeing an account of hire, extended the account back to the date of the marriage of the complainant with his deceased wife. In this the court erred; because the previous decree settling this account during the marriage, is conclusive between the parties on this point, and cannot now be avoided. The complainant then recovered all the hire due, and the account now taken must commence at the point where the account in that case ended.

Decree between administrator and distributees, including the hire of the slaves, is conclusive in a subsequent bill for partition of the slaves, to stop the charge for the hire of the slaves at that date.

In another point the decree of the court below

IRVIN
vs.
DIVINE.

Slaves held in coparcenary may be sold by the order of the chancellor, where partition cannot be made; but the sale must be decreed by the court, not left with the commissioners to divide or sell, as they may judge.

cannot be supported. It directs the commissioners to divide the slaves, if practicable, and if impracticable, to sell them, and divide the proceeds. This is delegating to the commissioners the power of deciding upon the practicability of a partition and of directing a sale, which ought to be done by judicial authority, after the commissioners have reported the facts which obstruct partition, and their opinion thereon. Then the court ought to direct the sale, and the mode of executing it, if a sale must take place. That a court of chancery may direct a sale of slaves held in coparcenary, and divide the proceeds, where a partition in kind cannot be made, there is no room to doubt under the statutes of this country; but the determination of the question, and direction of the sale, belong to the court, and not to commissioners acting en pais.

In other respects we perceive no objection to the decree rendered.

Decree reversed with costs; and cause remanded, with directions for such proceedings and decree as shall conform to this opinion and the rules of equity.

*Triplett* for appellants; *Mayes* for appellee.